537 P.2d 1339

**STATE COMPENSATION FUND and Dela Enterprises, Inc., Petitioners,**

v.

**A. J. McELROY, Respondent Employee, The Industrial Commission of Arizona, Respondent.**

**No. I CA–IC 1160.**

Court of Appeals of Arizona,
Division 1,
Department C.

July 30, 1975.

Rehearing Denied Sept. 9, 1975.

Robert K. Park, Chief Counsel State Compensation Fund, by Peter C. Kilgard, Phoenix, for petitioners.

Thomas E. Johnson, Tucson, for respondent employee.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

OPINION

WREN, Judge.

This is an appeal by writ of certiorari challenging an award by The Industrial Commission of Arizona for a compensable claim in favor of the claimant.

Claimant, A. J. McElroy, was employed as a janitor for Dela Enterprises, Inc. (Dela) on a work shift which extended from 4:00 p. m. to 12:00 midnight. On February 12, 1973, he brought a shotgun onto Dela's premises and was injured when it accidentally discharged.

There was a conflict as to whether claimant also performed duties as a night watchman, and whether Dela consented to or acquiesced in claimant's violation of a company rule prohibiting guns on the premises. In resolving it, the hearing officer, over objection by the insurance carrier, the State Compensation Fund (Fund), relied upon certain interrogatories served by claimant on Harry Evans, a supervisor for Dela.

The use of the interrogatories as evidence was preceded by an order granting claimant's motion to quash the Fund's no-

**282**

tice of taking Evans' deposition. The Fund had filed the notice after being advised by the hearing officer that Evans would not attend the hearing in response to the Fund's subpoena. The hearing officer had suggested that the Fund utilize written interrogatories under Rule 44, Rules of The Industrial Commission, in lieu of oral cross-examination of Evans. This suggested procedure was rejected by the Fund.

The Fund contended before the hearing officer, and contends before this Court, that the procedure used by the hearing officer violated its right of cross-examination. It asserts that the use of interrogatories to establish Dela's consent to claimant's use of the shotgun was in derogation of Rule 44. We agree.

Rule 44 provides that a *party* may take the deposition of another *party* by written interrogatories and that "[d]epositions taken pursuant to the provisions of this rule shall only be used for *impeachment* of a witness during a hearing unless the deponent is deceased at the time of the scheduled hearing . . . ." (Emphasis added).

Evans was not a *party* to the proceedings, and the answers to the interrogatories were used for purposes other than impeachment. Furthermore, the Fund clearly and timely made objection to such impermissible use. Claimant's contention that this was a mere procedural error and that under A.R.S. § 23–941(F),[1] a hearing officer is not bound by formal rules of evidence in conducting a hearing, is not persuasive. Rule 44 is a *Commission* rule, wholly prohibitive of the procedure used here.

The award is therefore set aside.

NELSON, P. J., and STEVENS, J., concurring.

1. A.R.S. § 23–941(F) provides:
"[T]he hearing officer is not bound by common law of statutory rules of evidence or by

technical or formal rules of procedure and may conduct the hearing in any manner that will achieve substantial justice."